GENERAL COURT, (E. S.) APRIL TERM, 1804.

ARNOTT and COPPER *vs.* NICHOLLS.

APRIL 1804.

Arnott & Copper
vs
Nicholls.

*If after a judgment has been rendered against a defendant he sells and conveys his lands bona fide, and for a valuable consideration, a writ of fieri facias cannot afterwards be laid thereon, although twelve months and a day had not expired, unless a scire facias had been sued out upon the judgment, and notice given to the vendee, as terre-tenant.*

*On a motion to quash the return to such a fieri facias, as much and more may be inquired into as in an action of ejectment, the court having an equitable control.*

MOTION to quash the return made upon a writ of *fieri facias.* At September term 1802, the plaintiffs obtained a judgment in this court against the defendant, with an agreement to stay execution thereon until September term 1803. On the 28th of August 1803, the defendant conveyed a parcel of land to *Thomas Goldsborough,* by deed *bona fide,* and for a valuable consideration. On the 28th of February 1804, the writ of *fieri facias* in this case issued on the plaintiffs' judgment against the lands, &c. of the defendant, and was laid in part on the land so conveyed to *Goldsborough,* on whose behalf this motion was made by

*Bullitt,* who argued, that although the judgment was a lien on the land, it did not preclude the defendant from transferring it *cum onere,* and that a *scire facias* was requisite before a *fieri facias* could issue. That in all cases where the inheritance or freehold is affected, the tenant of the freehold is to be made a party; and that terre-tenants ought by law to be all equally contributory in discharging liens, and one sued alone may plead in abatement that there are others. 4 *Bac. Ab.* tit. *Scire Facias,* (C. 5,) 114, 115. The cases of a fine and common recovery, as cited by *Bacon* from 2 *Salk.* 598, *pl.* 2, and *Carth.* 111, are illustrations of the general rule that a terre-tenant is not to be ousted without a *scire facias.* Nor are terre-tenants, who are strangers to the recovery of houses in a writ of *assise,* to be ousted without a *scire facias.* 2 *Bac. Ab.* 353. So also as to heirs, executors and administrators, a *scire facias* must issue, because they may shew cause against the execution. He also cited precedents from 2 *Harr. Ent.* 749, 763, of writs of *scire facias* against the defendant in the judgment and the terre-tenants, and against the terre-tenants only, as evidence of the practice in such cases in this state.

*Hammond* and *Carmichael,* against the motion, contended, that a motion was not the proper mode of proceeding—That the defence, if there was any, would come out more properly in an action of *ejectment* to obtain possession by the purchaser, of the land purchased at the sale made under the *fieri facias;* for there the fraud, if there was any, might more properly be inquired into.    They relied upon the general rule laid down in 2 *Bac. Ab.* tit. *Execution* (I.) "that lands are bound from the time of the judgment, so that execution may be of these though the party aliens *bona fide* before execution sued out."    They inferred from the rule of law as here expressed, that was a previous *scire facias* necessary to be served upon such alienee, it would have been here mentioned.    A strong inference was also to be drawn, they said, from the application of writs of *fieri facias,* by practice in this state, to lands as well as to goods and chattels, under the statute of 5 *Geo.* II. *ch.* 7, which was not analogous to any execution in *England,* except an *extent* or an *elegit,* and there were no cases under either of them where a *scire facias* was necessary.    That by the law of *England* no *scire facias* is necessary before a *fieri facias* can issue against goods and chattels, although such goods and chattels be transferred to a third person, if it be *after the delivery of the writ,* such delivery operating as a *lien* upon the goods and chattels in like manner as a judgment does upon lands; so no *scire facias* is necessary where a *fieri facias* issues against lands, as it may in this state, such lands being bound from the time of the judgment.    The inconvenience and impolicy of such a practice, requiring a *scire facias* in such a case, was urged.    A creditor might, by such means, be for ever defeated, or much delayed by successive alienations after judgment. That it was a general rule of law, that execution being the fruit of a judgment, was always to be favoured.    They further observed, in answer to the cases cited by the opposite counsel from 4 *Bac. Abr.* tit. *Scire Facias,* (C. 5.) that they were cases of writs of error to reverse a fine and a common recovery, and

that the *scire facias* there spoken of, was a *scire facias ad audiendum errores*, and not a *scire facias* to shew cause why execution should not issue: That the former kind of *scire facias*, viz. a *scire facias ad audiendum errores*, was a formal part of the proceedings on a writ of error, was different from a *scire facias* to shew cause, and had therefore no relation to present case. That the general rule laid down in *Bacon*, together with the cases added in illustration thereof, were so to be understood, and they show it to be discretionary with the court, to order the *scire facias* or not. Here *Goldsborough* has no equity to offer. Besides, on a reversal of a common recovery and fine, a writ of *restitution* goes to the sheriff, which renders a *scire facias* necessary to let in the terre-tenant to show his defence. But under a sale made under a *fieri facias* there was no such thing, as the purchaser is left to his action of ejectment, when the defence of the terre-tenant may be made. Fines and recoveries are only conveyances, and the *scire facias* is only *ad audiendum errores*. They also cited *Graff vs. Smith's adm'rs*, 1 *Dall. Rep.* 481, to shew that no *scire facias* was necessary in such cases by the law of *Pennsylvania*.

*Bullitt*, in reply, contended, that fraud could as well be inquired into on this motion as in an action of ejectment. But in ejectment *Goldsborough* could not call on the terre-tenants, as he may by pleading to a *scire facias*. That if the statute of 5 *Geo. II. ch.* 7, puts a *fieri facias* against real and personal property on the same footing, this *fieri facias* cannot affect the land in question, being issued after it was conveyed(a); but the land is bound by the judgment, and all

*April* 1804

Arnott & Copper
vs.
Nicholls

Under the statute of 5 *Geo.* II, *ch.* 7, lands are made liable to the payment of debts, in like manner as personal estate. By the statute of 29 *Car* II. *ch.* 3, *s.* 16, a *fieri facias* against personal estate, *first* delivered to the sheriff, will have the preference; and as that statute makes no difference, except as to *purchasers*, a *fieri facias* against lands, &c. remains as a *fieri facias* against personal estate at common law, and that which is *first* delivered will have the preference, and shall be *first satisfied*.

(a) The Reporters have been furnished with a written opinion of the general court, given by *Goldsborough*, Ch. J. and *Chase* and *Duvall*, J. (sitting on the eastern shore,) in, it is believed, the case of *Hindman vs Ringgold* They however have been informed, that one of the judges, (Mr. *Chase*,) on hearing the decision in this case mentioned, observed either that the court had overruled that decision, or, that they had given some explanation respecting it which more fully expressed the meaning of the court.

The written opinion above mentioned is as follows, viz.

*"The opinion of the General Court relative to the levying of executions.*

APRIL 1804.

Arnott & Copper
vs.
Nicholls

that the *bona fide* vendee can require, is an opportunity to show a meritorious defence. That a *scire facias* in fines and recoveries is not merely *ad audiendum errores*, but also to show cause why he should not be ousted by a writ of restitution, and this is the more obvious use of it.

CHASE, Ch. J. The return to the *fieri facias*, must be *quashed*, so far as it respects the land sold and conveyed by the defendant to *Thomas Goldsborough*, no fraud or collusion in the sale to him having been alleged.

The terre-tenant should have an opportunity to relieve himself, and to bring in the other terre-tenants —Hence the necessity of a *scire facias*, that all the terre-tenants may be warned.

On this motion as much may be brought out as in an action of ejectment, and more, as the court have an equitable control.

RETURN QUASHED.*(a)*

"Before the statute of 5 *Geo.* II, *ch.* 7, lands were not liable to be taken in execution. Under that statute the houses, lands, negroes, and other hereditaments and real estates, within any of the British plantations, belonging to any person indebted to the king, or to any of his subjects, are made liable to the satisfaction thereof in like manner as personal estates in any of the said plantations are seised, executed, sold or disposed of

"By the statute of 29 *Car.* II, *ch* 3, *s.* 13, 14, it is enacted, that after the 24th of June 1677, the day of entering or signing any judgment shall be entered on the margin of the record; and by *section* 15, judgments, *as against purchasers*, shall relate to such time only

"By *section* 16 of the same statute of *Car.* II, the execution against personal estate, *first* delivered to the sheriff, will have the preference; and as the statute of *Charles* makes no difference but as to purchasers, this case remains as an execution at common law against personal estate, and therefore the execution *first* delivered will have the preference, and shall be *first s tisfied.*" See *Ridgely's ex'rs vs. Gartrell*, 3 *Harr.* & *M'Hen.* 449, decided by the same judges.

*(a)* The decision in this case has been overruled by the Court of Appeals in the case of *M'Elderry vs. Smith's Lessee*, at June term, 1807.