BAKER, (FIELD v.)   See Case No. 4,762.

BAKER, (FREEMAN v.)   See Case No. 5,-084.

---

## Case No. 767.

### BAKER v. FRENCH et al.

[2 Cranch, C. C. 539.][1]

Circuit Court, District of Columbia.   May 26, 1825.

SCIRE FACIAS TO REVIVE JUDGMENT — RETURN— ALIAS WRIT—DISCONTINUANCE.

1. If some of the terre-tenants named in the scire facias are returned "nihil," an alias scire facias must be issued against them, or the cause will be discontinued.

2. Semble, that the scire facias, or its return, must describe the land held by each tenant.

Scire facias [by John H. Baker, administrator of Bayly] against [George French and others] the terre-tenants of Ariana French, executrix of George French, deceased.

The writ stated that William Bayly, in June, 1812, recovered judgment against Ariana French, executrix of George French, for $501.87; and at the time of the rendition of the judgment against her, she was seized in fee of divers lands and tenements, and that execution remains to be made of the judgment; and that she has since departed this life; therefore the marshal was commanded to give notice to George French, Robert French, Virginia French, Elizabeth Weems, and Marianne C. French, widow of Charles French, terre-tenants of the lands and tenements in his bailiwick being, whereof the said Ariana French, executrix, as aforesaid, was seized on the 6th of June, 1812, on which

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

day the said judgment was rendered, or ever afterwards, that they appear before the court, &c., on the 1st Monday of October, 1823, to show cause, &c., why the said William Bayly should not have his execution to be levied on those lands and tenements, &c. The marshal returned, "scire feci George French; and nihil as to the others."

Mr. J. Dunlop, for George French, the only terre-tenant summoned, moved the court to quash the scire facias, or to order it to be stricken off the docket as discontinued.

1. Because the original judgment did not bind the lands of the executrix.

2. Because only one of the tenants was summoned, and no alias scire facias against the others.

3. Because the lands are not described in the scire facias, nor in the return. 2 Tidd, Pr. 1038.

Mr. Ashton, contra.

Under the testamentary law of Maryland of 1798, c. 101, the judgment against an executor or administrator is de bonis propriis, in the first instance, being for the plaintiff's proportion of assets only, and is an original judgment, binding the person and property of the executrix in the same manner as if she had not been sued in that character. The return of the marshal is good. He has no authority to ascertain and describe the lands holden by the tenants, nor whether they were tenants of the freehold. It is not necessary that the judgment should be against all who are named terre-tenants in the scire facias. The defendant may plead in abatement, that there are other terre-tenants not summoned. If the return is defective, it is no reason for quashing the writ of scire facias.

Mr. Dunlop, in reply.

It is impossible for the court to render judgment, unless the land, held by the terre-tenants summoned, be described either in the writ of scire facias, or in the return. The judgment is not against the tenant, personally, but against the land. The forms of returns show that the sheriff always describes the land held by the tenant summoned. 2 Har. Ent. 174. But the action is discontinued by the omission to sue out an alias writ of scire facias against the terre-tenants not summoned upon the first writ. Tidd, Pr. 1042; U. S. v. Parker, [Case No. 15,992;] and Nicholls v. Fearson, at this term, [Id. 10,226.]

May 26, 1825. THE COURT, having taken time for consideration during the vacation, was of opinion that the cause was discontinued by the plaintiff's neglect to take out an alias writ of scire facias against the terre-tenants not summoned upon the first writ.

NOTE, [from original report.] In Adams v. Terre-Tenants of Savage, 3 Salk. 321, it was held by Holt, C. J., that where a scire facias against terre-tenants is general, it is not proper for the defendant to plead in abatement, that there are other terre-tenants not named, and so pray judgment of the writ et quod breve cassetur; but to pray judgment, whether without them, respondere debet; but where the scire facias is particular, (i. e., naming the particular tenants,) in such case the defendant may pray judgment of the writ. See, also, Michel v. Croft, Cro. Jac. 506; S. P. on Demurrer. In Coke's Entries, 619a, is a form of scire facias and return against terre-tenants of W. H. After reciting the judgment, and dying, seized, &c., the sheriff is commanded to make known to "the tenants of the lands and tenements which were of the said W. H., on the octave of St. Hilary, 33 Eliz., on which day the judgment aforesaid was rendered, that they be here at this day, viz., &c., to show cause, &c., why the debt and damages aforesaid ought not to be made of those lands and tenements," &c.; and the sheriff returned that he had made known to Thomas Hunt, knight, tenant of the manor of Baconsthorpe Weodal, with the appurtenances in Baconsthorpe, in his county, and of the manor of Bodham Hall, with the appurtenances in his county, &c. &c. And to Thomas Armiger, gentleman, tenant of 80 acres of land in Bodham, &c. &c., as to the other terre-tenants, being eleven in all. "And thereupon the plaintiff prays execution against the said Thomas Hunt," and the other tenants named in the return "of the debt and damages aforesaid, of those lands and tenements to be adjudged to him," &c.