## Case No. 9,013.

### MANDEVILLE v. McDONALD et al.

[3 Cranch, C. C. 631.] [1]

Circuit Court, District of Columbia. May Term, 1829.

JUDGMENT — DECEASE OF DEFENDANT — SCIRE FACIAS AGAINST TERRE-TENANTS — DEFECTIVE RETURN — MOTION TO QUASH RETURN—PLEA OF OTHER TERRE-TENANTS.

1. The remedy for a defective return of a scire facias against terre-tenants is not a plea in abatement, nor a motion by the defendants to quash the writ, but a motion to quash the return; but the return may be amended. The defendants may lay a rule on the plaintiff to declare; and the marshal's return of the scire facias will make part of the declaration, and the defendants will have time to plead.

2. The terre-tenants warned may plead, in delay of execution, that there are other terre-tenants, in the same county, not summoned.

Scire facias against the administrator, trustees, and terre-tenants of S. Eliot, deceased.

After stating that a judgment, in favor of the plaintiff, was rendered against the said S. Eliot on the 25th of January, 1820, it commanded the marshal: "That you make known to the heirs of the said S. Eliot, deceased, and the terre-tenant or terre-tenants of all the lands, lots, squares, and tenements in your bailiwick, whereof the said S. Eliot on the 25th of January, 1820, (on which day the judgment aforesaid was rendered,) or ever afterwards was seized, and to William Brent, John G. McDonald, and Frederick May, trustees, and to John G. McDonald, administrator of the said S. Eliot, that they and all of them be and appear," &c., "to show cause, if any they have, why the damages, costs, and charges aforesaid ought not to be levied on those lots, squares, lands, and tenements, and paid to the said James Mandeville, according to the force, form, and effect of the recovery aforesaid, if he the said James Mandeville shall think fit," &c.

The return of the marshal is as follows: "Scire feci William Brent, one of the trustees, November 13, 1827, in presence of J. H. B. and E. M., of the lots below mentioned; scire feci John G. McDonald, one of the trustees and administrator of the same lots, November 19th, 1827, in presence of J. H. B. and E. M. Also scire feci Catharine Mary Eliot, terre-tenant and heir of said lots, and Wallace Eliot, terre-tenant and heir of said lots, November 19, 1827, in presence of R. B. and A. S. W. Also scire feci William Henry Eliot,

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

another terre-tenant and heir, November 19, 1827, in presence of H. M. M. and S. L. D. Also scire feci Johnson Eliot, another terre-tenant and heir of said lots and squares, November 19, 1827, in presence of R. K. and Z. D. B. Also scire feci, November 20, 1827, Frederick May, trustee, in presence of S. M. and H. C., lots 9, 10, 11, 12, 13, 15, 16, in square 299 in the city of Washington, all square 354," (&c., &c., designating 110 lots and 10 whole squares,) "all the above lots and squares lying in the city of Washington; also scire feci James Greenleaf and William A. Bradley, terre-tenants of square 473, lying in the said city—James Greenleaf, November 19, 1827, in presence of J. H. B. and E. M., and William A. Bradley in presence of A. B. T. and J. H. B.     Tench Ringgold, Marshal."

The above return was afterwards amended by adding these words: "The above named persons being all the terre-tenants in my bailiwick."

Mr. Bradley, for defendants, moved to quash the scire facias. 1st. Because it does not state that the land was the property of Mr. Eliot. 2d. Because the return does not state that the terre-tenants summoned were all the terre-tenants of the lands. 3d. Because there ought to have been a previous scire facias against the personal representatives of Eliot; and cited 1 Strange, 401; Carth. 105, 107; 2 Saund. 72r; Tidd, Prac. Append. 337, No. 71; 2 Saund. 7, notes 7, 8, 10; Tidd, Prac. 1037; 1 Salk. 52; 2 Salk. 601, and 2 Saund. 9, 23. Tidd, Prac. 1043, and 2 Har. Ent. 534, and Baker v. French [Case No. 767], in this court, December term, 1824, were cited for the plaintiff by Mr. Morfit, who contended that the defendants should have pleaded in abatement.

Mr. Bradley, in reply, observed that the case of Baker v. French [supra], was a special scire facias, naming the terre-tenants in the writ, whereas the present scire facias was general.

CRANCH, Chief Judge (nem. con.). The question is, whether the motion to quash the scire facias is the proper remedy. After looking at all the cases cited, and many more, I think it is not. The only case which seemed to justify that course is Hillier v. Frost, 1 Strange, 401, but that case has been misunderstood. It was not a rule to amend the sheriff's return of the writ, but to amend the writ of scire facias itself, by making it returnable on Saturday instead of Friday, which was the feast of St. Martin. The motion was made by the plaintiff; but Sir John Strange, who was the plaintiff's counsel, remarks that "he had little to say for it," "so it was discharged; and he moved to quash the writ, which was ordered accordingly." I have seen no case in which a scire facias has been quashed, on motion of the defendant, for a defective return of the sheriff, there being no fault in the writ itself. The defendants may lay a rule on the plaintiff to declare.

The marshal's return will make part of the declaration, and the defendants will have time to plead such pleas as they may be advised to plead.

The other judges assented.

In this cause, at the last term, the court decided that W. A. Bradley, one of the tenants summoned, had a right to plead in delay of execution, that there were other terre-tenants, of other lands, not summoned; and that the plea offered by him, when put into proper form, should be received.

At the present term, Mr. Morfit, for plaintiff, moved for judgment by default against all the terre-tenants summoned, and against "John G. McDonald, one of the trustees, and administrator of the same lots," and against "Wm. Brent, one of the trustees," and against "Frederick May, one of the trustees."

W. A. Bradley now offered his amended plea; and W. Brent, F. May, and John G. McDonald offered to plead.

After considering the cases and authorities cited in the note below, THE COURT received the plea offered by Mr. Bradley, and permitted the defendants to plead, and overruled the motion of Mr. Morfit for judgment by default.

The cause was then continued, to make up the issues, and was continued from term to term until —— term, when it was placed by consent upon what is called the "stet" docket, where it has remained ever since.[2]

_____

[2] The plea of Mr. Bradley, it is understood, was in this form: And the said Wm. A. Bradley by ——, his attorney, comes and prays a hearing of the writ of scire facias aforesaid and of the return thereof, and they are read to him in these words, namely, (here insert them,) which being read and heard, the said William A. Bradley saith that he ought not now to be put to answer the declaration of the said James Mandeville, nor to the writ and return aforesaid; because he says that there were, at the time of the said return of the said writ of scire facias, and yet are, other tenants of certain lots, squares, pieces, and parcels, lying and being in the city of Washington, in the county of Washington aforesaid, who are not named in the said writ, or in the said return, and who have not been returned summoned; of which said lots, squares, pieces, and parcels of land the said Samuel Eliot was seized on his demesne as of fee, on and after the time of the rendition of the said judgment against him as aforesaid, that is to say—that the president, directors, and company of the Bank of Washington, were at the said time of the said return, and now are, tenants of the lots numbered —— in the said city, of which said lots the said Samuel Eliot was seized in his demesne as of fee at the time of the said rendition of the said judgment. And that one Anthony Preston was, and yet is, tenant of lot —— in the said city, of which said lot the said Samuel Eliot was seized in his demesne as of fee, at the said time of the said rendition of the said judgment. And that one Peter Lenox was and is tenant of, &c. And that one Lewis H. Machem was and is, &c. And that one William Douglass was and is, &c. And that one Tobias Simpson was and is, &c. And the said Wm. A. Bradley further says that no writ of scire facias, issued out of this court, has been served upon the said president, directors, and company of the Bank of Washington, nor upon the said Anthony Preston, nor upon

Upon the subject of scire facias against terre-tenants, and the lien of a judgment

the said Peter Lenox, nor upon the said Lewis H. Machem, nor upon the said William Douglass, nor upon the said Tobias Simpson, to show cause why the damages, costs, and charges, so as aforesaid recovered against the said Samuel Eliot, should not be levied on the said several lots, squares, pieces, and parcels of land, of which the said president, directors, and company of the Bank of Washington, and the said Anthony Preston, Peter Lenox, Lewis H. Machem, William Douglass, and Tobias Simpson were and are, respectively, tenants as aforesaid. And this the said Wm. A. Bradley is ready to verify; wherefore he prays judgment whether he shall be put to answer to the said declaration of the said plaintiff, or to the said writ and return, until the said president, directors, and company of the Bank of Washington, and the said Anthony Preston, and the said Peter Lenox, and the said Lewis H. Machem, and the said William Douglass, and the said Tobias Simpson, respectively, tenants as aforesaid, shall have been warned to show cause as aforesaid.

The defendants W. Brent, F. May, and J. G. McDonald, after oyer of the writ of scire facias and the return thereof, say, tnat the said writ of scire facias, and the said return thereof, and the declaration of the said James Mandeville thereupon, are not sufficient in law for the said James to have execution of the said damages, costs, and charges in the said writ and declaration mentioned against them, the said W. Brent, F. May, and J. G. McDonald, of or upon the aforesaid lots, parcels, and squares of land set forth in the said return, or of any part thereof to be levied: and that the said W. B., F. M., and J. G. McD. are not bound by the law of the land to answer thereunto, and this they are ready to verify; wherefore, for that the same are insufficient in law as aforesaid they pray judgment, and that the said James may be precluded from having his execution aforesaid against them in manner and form as in and by his said declaration he has prayed.

And for cause of demurrer in this behalf they show the following, to wit:

1. That they ought not to be impleaded jointly with the heirs, administrator, and terre-tenants of the said Eliot.

2. That it does not appear by the said writ of scire facias or return, or by the declaration thereupon, that any writ of scire facias against the administrator of the goods, chattels, rights, and credits of the said Eliot had been previously issued at the suit of the said James. Tidd, Prac. 1032.

3. That the said W. B., F. M. and J. G. McD. are not liable, in any manner, as trustees, to contribute with the heirs and terre-tenants of the said Eliot, in the payment of the damages, costs, and charges, in the said writ mentioned; nor are liable in any manner to the execution therefor, they not being returned as terre-tenants.

4. That in and by the said writ of scire facias, the said W. Brent, F. May, and J. G. McDonald are only permitted to show cause, &c., "if the said James Mandeville shall think fit."

5. That it is not stated in the said writ that they, the said W. B., F. M., and J. G. McD., are trustees of, or in any manner interested in, any part of the lands of which the said S. Eliot was seized in fee, at the time of, or at any time after the rendition of the said judgment.

6. That the said marshal, in his said return, has not stated that any of the lots, parcels, or squares therein mentioned, were or are lots, parcels, or squares of land or lands and tenements of which the said S. Eliot was seized in fee at the time of the rendition of the said judgment, or at any time thereafter.

upon the lands of the debtor, see the following cases and authorities: Hillier v. Frost, 1 Strange, 401; Panton v. Terre-tenants of Hall, Carth. 105; Reg. Jud. 57; Bricknold v. Owen, 2 Dyer, 207b, case 15; Smarte v. Edsun, 1 Lev. 30; Adams v. Terre-tenants of Savage, 2 Salk. 601; 6 Mod. 199, 226; Tidd, Prac. 1032; 2 Saund. 7, note 4; Berisford v. Cole, Comb. 282; Jeffreson v. Morton, 2 Saund. 7; Gwin v. Lloyd, 1 Keb. 54, 351; Michel v. Croft, Cro. Jac. 506; Phelps v. Lewis, 2 Saund. 210e, note 1; Harbert's Case, 3 Coke, 14b; Dyer, 331b, pls. 23, 24; Clerk v. Hardwick, Moore, 524; 2 Har. Entries, 174, 257, 444, 496, 534, 583, 749, 763, 765; Co. Entries, 619–624; St. 5 Geo. II. c. 7; Chancellor Kilty's Report on the English Statutes, 29 Car. II. p. 241, c. 3, § 16, and 5 Geo. II. p. 249, c. 7, § 4; Ridgely v. Gartrell, 3 Har. & McH. 449; 2 Inst. 396; Palmer's Case, 4 Coke, 74; Heath, Max. 3; 2 Hawk. pp. 153, 253, §§ 119, 123, 126; Barnes, Notes Cas. 207, 210, 213, 214, 218, 221; Cro. Jac. 119; Dyer, 208; Nicholson v. Sligh, 1 Har. & McH. 434; Arnott v. Nicholls, 1 Har. & J. 471, 473; Hindman v. Ringgold, Id. note a; McElderry v. Smith, 2 Har. & J. 72; Tidd, Prac. 1046; Eyres v. Taunton, Cro. Car. 295, 312; Baker v. French [Case No. 767], in this court, December term, 1824; 2 Saund. 8, note 10; Tidd, Prac. 1003, 1021; Tidd, App. 437; Steph. Pl. 63, 126, 128, 239, 430; Owings v. Norwood, 2 Har. & J. 101; Beatty v. Chapline, Id. 26.